NEWS PRINTING COMPANY, APPELLEE, v. DILLISTIN LUMBER COMPANY, APPELLANT.

Submitted May 17, 1929—Decided June 21, 1929.

Before Justices PARKER, BLACK and BODINE.

For the appellant, *Raylon E. Horton.*

For the appellee, *Alex Moskowitz.*

PER CURIAM.

The plaintiff-appellee recovered a judgment in the District Court of $500 based on the publication of two full-page advertisements of the defendant company and its business at $250 a page. There was no question about the publication or of the rate. The defense was that the advertisement had been inserted without any lawful authority from the company. The claim of the plaintiff was pressed upon three grounds: *first,* that the employe of the defendant, a man named Willocks, who was shortly afterwards discharged, was in fact an authorized agent of the defendant to order the advertisement; *secondly,* that whether authorized or not, he was held out by the defendant as so authorized; and *thirdly,* that in any event this action in ordering it was ratified by said defendant.

The pertinent facts in the case as developed on the evidence were that the defendant was in the lumber and building material business and that some sort of a "Model Homes" compaign was on; that the solicitor for the plaintiff was well acquainted with Willocks and had often asked for advertisements but had not succeeded in getting them; but that on this particular occasion he succeeded in persuading Willocks to sign a written order for the advertisement which was put in evidence. This was on May 24th. The advertisement was not to appear until August, and in fact did appear at that time, when, of course, it was noticed by the people in the defendant's office and some comment was made upon it; and what took place at that time is relied upon by the plaintiff as ratification.

We deem it unnecessary to consider either the question of original authority in Willocks, or of subsequent ratification, because we think it is sufficient for an affirmance of the judgment to say that we are of opinion that Willocks was fairly held as having sufficient authority for that purpose. The de-

fendant's office seems to have had a number of employes in it; Mr. Dillistin, the president, was present only part of the time and the court, sitting as a jury, was fairly entitled to find from the testimony produced that Willocks was the person appearing to have the general supervision of all ordinary business matters and authority to act in the company's behalf with reference thereto. We think the testimony brings the case clearly within the rule laid down in such cases as *Bridgeton* v. *Fidelity and Deposit Co.*, 88 *N. J. L.* 645, and the very recent case of *White Door Bed Co.* v. *United States Mortgage Title Guarantee Co.*, 7 *N. J. Adv. R.* 862.

On this ground we think the judgment should be affirmed.